**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUL 3 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JOSE RAUL AVELAR RAMOS,

Petitioner,

v.

MERRICK B. GARLAND, Attorney General,

Respondent.

No. 21-1432

Agency No.
A095-135-450

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 29, 2023**
Pasadena, California

Before: N.R. SMITH, LEE, and VANDYKE, Circuit Judges.

Petitioner Jose Raul Avelar Ramos seeks review of a Board of Immigration

Appeals (BIA) order dismissing his appeal from an Immigration Judge's (IJ)

decision denying his applications for asylum, withholding of removal, and

protection under the Convention Against Torture (CAT). We have jurisdiction

under 8 U.S.C. § 1252, and we deny the petition.

---

* This disposition is not appropriate for publication and is not precedent except
as provided by Ninth Circuit Rule 36-3.

** The panel unanimously concludes this case is suitable for decision without oral
argument. *See* Fed. R. App. P. 34(a)(2).

Petitioner, a citizen of both El Salvador and Guatemala, illegally entered the United States in 2000. He obtained temporary protected status in 2002 but was denied renewal in 2003 due to his DUI convictions. In March 2008, the Department of Homeland Security initiated removal proceedings by serving Petitioner with a notice to appear. In March 2011, almost eleven years after his arrival, Petitioner applied for asylum, withholding of removal, and CAT relief. The IJ denied relief and ordered Petitioner's removal because he (1) did not qualify for an exception to the timeliness requirement for asylum applications; (2) had not established past or probable future persecution on the basis of a protected ground; and (3) had not established it was more likely than not he would be tortured with government consent or acquiescence if returned to El Salvador or Guatemala. The BIA affirmed the IJ's order.

We review the agency's legal conclusions de novo and its factual findings for substantial evidence. *Ruiz-Colmenares v. Garland*, 25 F.4th 742, 748 (9th Cir. 2022). "Whether a group constitutes a 'particular social group' … is a question of law [this court] review[s] de novo." *Perdomo v. Holder*, 611 F.3d 662, 665 (9th Cir. 2010). But whether an applicant has shown that his persecutor was or would be motivated by a protected ground—i.e., whether the "nexus" requirement has been satisfied—is reviewed under the substantial evidence standard. *See Parussimova v. Mukasey*, 555 F.3d 734, 739 (9th Cir. 2009). Under this deferential standard, the agency's factual findings are "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary."

8 U.S.C. § 1252(b)(4)(B). And to reverse the agency's conclusion under substantial evidence review, we "must find that the evidence not only *supports* that conclusion, but *compels* it." *INS v. Elias-Zacarias*, 502 U.S. 478, 481 n.1 (1992).[1]

*First*, Petitioner has provided no evidence of extraordinary circumstances to excuse the decade-long delay in filing his asylum application. Although "extraordinary circumstances" may excuse a delay past the one-year filing deadline, *Husyev v. Mukasey*, 528 F.3d 1172, 1177–78 (9th Cir. 2008), Petitioner's arguments that he "was unaware of his obligation" to timely file and was unable to retain counsel are unavailing. Ignorance of the law and lack of legal counsel are not "extraordinary circumstances." *See Alquijay v. Garland*, 40 F.4th 1099, 1103–04 (9th Cir. 2022) ("[I]gnorance of the law is no excuse."); *Al Ramahi v. Holder*, 725 F.3d 1133 (9th Cir. 2013) ("[D]ifficulties in obtaining representation [do not make a] delay reasonable."). Petitioner has provided no excusable reason that he could not have filed his application before 2011.

*Second*, as to Petitioner's withholding claim, he argues that his family experienced past persecution, testifying that his father and uncles were murdered in the 1970s by unknown individuals and for unknown reasons. But he also acknowledged that his family has had no further problems in Guatemala since

---

[1] Where, as here, the BIA adopted and affirmed the IJ's decision pursuant to *Matter of Burbano*, 20 I. & N. Dec. 872, 874 (BIA 1994), "we revisit both decisions and treat the IJ's reasons as those of the BIA." *Gutierrez v. Holder*, 662 F.3d 1083, 1086 (9th Cir. 2011) (citation omitted).

that time. Moreover, the threats he alleges his family received are not substantiated, and bear no nexus to a protected ground. Thus, the agency reasonably found that Petitioner did not experience harm rising to the level of persecution on account of a protected ground.

*Third*, the evidence does not compel the conclusion that he has a reasonable fear of future persecution either. Petitioner explained that he fears the "very high crime rates" in El Salvador and Guatemala, and that he could be targeted because he is a returnee from the United States who could be perceived as wealthy. But the proposed social group of "returnees" lacks particularity, *see Ramirez-Munoz v. Lynch*, 816 F.3d 1226, 1229 (9th Cir. 2016), and has been repeatedly rejected by the Ninth Circuit in similar contexts. *See Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1149–50 (9th Cir. 2010). Moreover, a generalized fear of crime and gang violence "bears no nexus to a protected ground." *Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010). Although there is evidence of gang violence and organized crime in both El Salvador and Guatemala, the record does not compel the conclusion that Petitioner would be specifically targeted on account of a protected ground. In short, substantial evidence supports the agency's finding.

*Finally*, and for similar reasons, the agency did not err in denying CAT relief. Petitioner has not shown past persecution, and "[t]he lack of past persecution, a lesser harm than torture, necessarily encompasses a lack of past torture." *Rivera Vega v. Garland*, 39 F.4th 1146, 1158 (9th Cir. 2022). The record does not compel the conclusion that "it is more likely than not" that

Petitioner will be tortured in either El Salvador or Guatemala, let alone with the acquiescence of the government. *See* 8 C.F.R. § 1208.16(c)(2).

Accordingly, the petition for review is **DENIED.**